The question brought up in this case for review is whether a person of color, under 14 years of age, can be convicted of an assault with intent to commit a rape.
By the provisions of the Rev. Code, ch. 107, sec. 44 and ch. 34, sec. 5, the offense charged in the bill of indictment is declared to be a capital felony, and is therefore entitled to be considered under the safeguards which the law has thought proper of throw around human life.
By the common law persons between the ages of 7 and 14 may be convicted of most offenses if, added to the proof of the corpus delicti, there be proof also of the mischievous mind. There is a legal presumption (295) that such persons are doli incapaces; but it is a rebuttable presumption.
It is not so in respect to the crime of rape. The presumption against its commission by persons below the age of puberty (14) is irrebuttable. This is not so much on the ground of incapacity of mind or will, but to physical impotency. It will follow as a plain legal deduction from this, that the person under 14 cannot commit an assault with intent to commit a rape. It is a logical solecism to say that a person can intend to do what he is physically impotent to do.
These principles are supported by the following authorities: Arch. Cr. Pr., 3; 3 Chitty Cr. Law, 811; Rex v. Eldershaw, 14 Eng. Com. Law, 336, andRegina v. Phillips, 34 Eng. Com. Law, 763.
The courts of two of the States north of us have held convictions for "assaults with intent" right, when the persons were under 14. But it is noticeable that the offense in these States is a misdemeanor. In the one case there was a divided Court, and in the other the common-law principles, as here laid down, were recognized; but the Court undertook to alter them to suit the altered temperament of the population. These do not at all affect the stability of the law as now expounded. With the *Page 185 
exceptions noticed, it has been uniform, we think, in all the settlements of the continent which have adopted the common law of England.
By a proper consideration of principles, it will be seen why the fact found by the jury, that there was an emission of seed from the person of the prisoner, does not materially affect the case. The presumption which arises from want of age applies equally to the offense of rape and the offense of assault with intent to commit it. Both presumptions are alike irrebuttable. S. v. Pugh, 52 N.C. 61, recognizes the distinction here made. So far from impugning, it is decided strictly in accordance with them.
A large portions of our population is of races from more (296) southern latitudes than that from which our common law comes. We have indeed an element of great importance from the torrid zone of Africa. It is unquestionable that climate, food, clothing and the like have a great influence in hastening physical development. Whether it may not be advisable to move down to an earlier age than 14 the period of puberty, for a portion if not for all the elements in our population, may be a proper inquiry for the statesman. The courts declare the law as it stands. The legislative body will inquire whether the exigencies of the age require changes.
The judgment of the Superior Court is
PER CURIAM. Affirmed.