ARTHUR WILLIAMS, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

At common law, a boy under the age of fourteen years is presumed to be incapable of committing the crime of rape.

Writ of Error to the Circuit Court for Orange county.

The facts of the case are stated in the opinion.

*Wm. Scott* and *J. Hugh Murphy* for Plaintiff in Error.

*The Attorney-General* for The State.

MR. JUSTICE VANVALKENBURGH delivered the opinion of the court.

The plaintiff in error in this cause was indicted in the month of March, A. D. 1883, in the county of Orange, for the crime of rape. He plead not guilty, was tried in July of the same year, and was, by the verdict of the jury, found guilty. Counsel for defendant moved for a new trial, upon certain grounds set out in the motion. The motion was denied by the court, and the counsel duly excepted to the judgment of the court. The defendant was thereupon sentenced to death, and brings his writ of error.

From the evidence brought up in the bill of exceptions, it appears that a married woman was stopped by a negro, whom she identified as this defendant; that he caught her by the arm, dragged her into the bushes and outraged her; that she was in feeble health, frightened and unnerved; that he remained with her about one hour. It also appears that the defendant was not fourteen years of age, but was between thirteen and fourteen years of age.

The court charged the jury, among other things, that "rape is the carnal knowledge of a female forcibly and

against her will.   There is a presumption of law that an infant under fourteen is incapable of committing or attempting to commit the crime; yet it has been held that an infant under age may be convicted of an attempt; you have heard the testimony as to his age, you are judges of its force and truth."

Subsequently the jury was recalled and a further instruction given to them as follows: "An infant under fourteen years is presumed to be unable to commit a rape, but you must be satisfied that he is under that age, and incapable, from the testimony and appearance."

The evidence in respect to the age of the defendant was as follows: Peter Williams, a brother of the defendant, was called by the State, and on his cross-examination testified that the defendant was between thirteen and fourteen years of age; that he knew of his brother's age from what his father had told him.   The defendant, in making his statement under oath, said that according to his mother's statement he was thirteen years of age.   To this proof and statement there was no objection, nor was there any contradictory or other evidence upon the subject.

The charge of the court that the jury "must be satisfied that he is under that age, *and incapable from the testimony and appearance*," is clearly wrong.

The statutes of this State fix no age within which a person is incapable of committing this crime, but the common law is explicit upon the subject, and the authorities are numerous.   It presumes that an infant under fourteen years of age is unable to commit the crime of rape, and therefore that he cannot be guilty of it.   In 1 Hale's P. C., 629, it is said: "An infant under the age of fourteen years is presumed by law unable to commit a rape, and therefore it seems cannot be guilty of it, and though in other felonies *malitia supplet ætatem* in some cases as has been shown,

yet it seems as to this fact the law presumes him impotent, as well as wanting discretion." King vs. Groombridge, 7 Car. & Payne, 582; Regina vs. Brimilou, 9 Ib., 366; Regina vs. Philips, 8 Ib., 736; Roscoe's Crim. Ev., 859.

In 1 Wharton's Crim. Law, §551, it is said : " At common law a boy under fourteen is irrebuttably presumed to be incapable of committing a rape." "In New York and Ohio, this presumption is held to be rebuttable. Whether a boy under fourteen is indictable at common law, for an assault with intent to ravish, has been disputed. The affirmative has been maintained in Massachusetts ; and in New York it has been held that while there is a presumption of incapacity, this presumption may be overcome by counter proof. In England and in North Carolina the presumption of incapacity is irrebuttable." In no State, however, so far as we are able to find, has it been held that a boy under fourteen could be convicted upon an indictment for rape. If the rule be such, then, the charge of the court that the jury " must be satisfied that he is under that age, and incapable, from the testimony *and appearance*," had a tendency to mislead them. The *appearance* alone of the boy is not legal evidence agaist him of either age or puberty and there certainly was no testimony to show that he was older than fourteen, or even that he had arrived at that age. In Ohio it is held that "an infant under the age of fourteen years is presumed to be incapable of committing the crime of rape, or an attempt to commit it, but that presumption may be rebutted by proof that he has arrived at the age of puberty and is capable of emission and consummating the crime." Williams vs. The State, 14 Ohio R., 222.

The same rule prevails in New York. The People vs. Randolph, 2 P. C. R., 174; see also Com. vs. Green, 2 Pic., 380.

As, however, there was no evidence tending to prove

such a state of facts, this question does not arise in this case and we therefore refrain from expressing any opinion.

It is not necessary to notice the other errors assigned, for the judgment must be reversed and a new trial ordered.