State vs. Jones.

---

## No. 199.

### THE STATE OF LOUISIANA vs. ALONZO JONES.

The conlusive presumption of the English common law that a male infant under the age of fourteen years is physically incapable of committing the crime of rape, was based entirely on the physiological fact that, under the climate and other conditions prevailing in England, puberty is very rarely attained under that age.

The contrary being unquestionably the fact in Louisiana, the rule has no application; following 2 Pick, 30; 2 Parker, 174; 14 Ohio, 222; 17 id. 515, 521.

PPEAL from the First District Court, Parish of Caddo.
*Hicks*, J.

---

*John R. Land,* District Attorney, *pro tem.,* for the State, Appellee:

The court may instruct the jury to try the case according to the law, the evidence and their experience. Bishop's Criminal Procedure, vol. 1, sec. 982.

The presumption of the common law, that an infant under the age of fourteen years is absolutely incapable of committing the crime of rape, does not prevail in America. Modified to our own circumstances and conditions, the law is: An infant under the age of four-

teen years is presumed to be incapable of committing the crime of rape, or an attempt to commit it; but that presumption may be rebutted by proof that he has arrived at the age of puberty. Desty's American Criminal Law, sec. 22 b; Williams vs. The State, 14 Ohio Rep. 222; O'Meara vs. The State, 17 Ohio Stat. 521; Penn vs. Sullivan, Add. Rep. 143; Com. vs. Thomas, 1 Virg. Cas. 307; Com. vs. Green. 2 Pick Rep. 381; State vs. Handy, 4 Harrington 566; Moore vs. State, 17 Ohio St. 521, etc.

Burglary is an attempt, and its special reprehensible quality is derived from the particular intent, and not from the act, which may be either evil or indifferent, hence the question of physical capacity to commit rape (the act) is foreign to the issue, the sole question being the intent. Bish. Crim. Law, vol. 1, sec. 728.

*T. F. Bell* for Defendant and Appellant.

The opinion of the Court was delivered by

FENNER, J.   The defendant was indicted under section 854 of the Revised Statutes for entering the dwelling-house of one Gilliland in the night-time, without breaking, with intent to commit a rape.

The record presents two bills of exceptions, viz:

1st.   To the judge's refusal to give the following charge: "If the jury find from the evidence that the defendant, at the time of the offense charged, was under fourteen years of age, he is in law *conclusively* presumed to have been physically incapable of committing the crime charged in the indictment, and is therefore entitled to an acquittal."

2d.   To the following charge given by the judge, viz: "That if the evidence shows that the defendant was, at the time of the offense charged, over seven and under fourteen years of age, the law raises the presumption that he was mentally incapable of distinguishing right from wrong, but the presumption may be rebutted by evidence of guilty knowledge of wrongdoing; and as to his physical capacity to commit the crime charged against him, the law raises no presumption whatever founded on age, but leaves said physical capacity as a fact to be determined by the jury from the evidence in the case and view of the accused and the experience of the jury in such matters."

## I.

In his refusal to give the charges asked by defendant, the judge is sustained by the authority of the courts of Massachusetts, New York and Ohio.   Com. vs. Green, 2 Pick. 380; People vs. Randolph, 2 Park. 174; Williams vs. State, 14 Ohio 222; O'Meara vs. State, 17 id. 515; Moore vs. State, ib. 521.

It is admitted that the charge asked embodied the rule adopted by the common law of England; but the American decisions above referred to, held that the rule was based upon the physiological fact that

State vs. Jones.

in the climate and amongst the population of England and the other northern countries of Europe, puberty was so rarely attained under the age of fourteen in males as to justify the presumption that prior to that age a boy is incapable and hence cannot be convicted of rape. But recognizing that the period of puberty is affected by circumstances of race, climate habits and conditions of life, and discovering, as a fact, that in this country puberty is frequently attained at an earlier age than fourteen, they refused to apply the English rule, holding that the rule, being founded wholly upon the facts prevailing in England, had no application to the different facts existing in this country.

The reasoning applies with much greater force to the climatic and racial conditions of Louisiana. These authorities fully sustain the refusal of the judge to apply the English rule and we have no hesitation in following them.

## II.

It is claimed, however, that the charge actually given by the judge went further than the authorities above quoted, because the latter, while rejecting the *conclusiveness* of the presumption, still maintained the presumption itself as applicable until rebutted by proof; while the judge *a quo* charged that the law raised no presumption whatever founded on age, but left the physical capacity as an independent fact to be determined by the jury.

We think the judge's conclusion is the logical sequence of the rejection of the English rule; for if the common law of England does not establish a presumption applicable here, what other law establishes any presumption whatever? We have certainly no statute to that effact other than the act of 1805 (Rev. Stat § 976) which adopts the common law of England as to crimes, rules of evidence and criminal proceedings, "changing what should be changed," except so far as modified by statute. This statute placed us in the same relation to the common law of England on these subjects which was occupied by the States of Massachusetts, New York and Ohio, and holding, with the courts of those States, that it did not import this presumption because founded solely on facts and conditions which do not prevail in this country, we doubt the judicial authority to substitute it by a different presumption.

If, however, we were to follow the example of those courts in modifying the common law rule only so far as necessary to make it conform to the conditions existing here, we should still reach the same conclusion announced by the judge *a quo*.

The Ohio court said: "In our State we know that many infants under fourteen are capable of being guilty, but that a majority are not capable under that age. Hence we are compelled to suit the rule of law to the facts, as the rule itself has no authority but in fact. Modified, then, to our circumstances and condition, the rule is, an infant under the age of fourteen is presumed to be incapable of committing rape, but that presumption may be rebutted by proof. Williams vs. State, 14 Ohio 222."

Obviously the modification was based on the fact stated that, in Ohio, "the majority are not capable under that age," which supported the presumption of incapacity, but subject to rebuttal.

Now, in Louisiana, we believe we hazard nothing in saying that a large majority of youths attain puberty before the age of fourteen years. Therefore there is no foundation for any presumption of incapacity.

It might be wise for the legislature to establish some limit of age within which an irrebuttable presumption of incapacity might result; but it has not done so. It would not, and could not, with any reason, fix so high a limit as fourteen years.

The State of Louisiana has no broader subjection to the common law of England on the subject of crimes and offenses than the other States of this Union, and it is settled that only so much thereof is adopted as is applicable to our situation and circumstances. 2 Bishop Cr. L., sec. 284; 1 Kent's Com. 472, 473 and note.

Various provisions of the English common and statutory law, such as those with regard to counterfeiting and treason, are rejected as inapplicable. 1 Bishop Cr. L., secs. 177, 456, 611, 612.

We feel fully justified in following the example of our sister States in rejecting a presumption founded exclusively on facts and conditions, the opposite of those which prevail in Louisiana.

Judgment affirmed.

Poché and Todd, JJ. having been absent from argument, take no part.