## GORDON *v.* THE STATE.

93 531
110 315

1. Presumptively a boy under the age of fourteen years is physically incapable of committing the crime of rape, and hence it is incumbent upon the State to prove his capacity, in order to warrant a conviction for the offence of assault with intent to commit a rape.
2. Upon the trial of a boy between the ages of ten and fourteen years for any offence, it is not error to give in charge to the jury section 4294 of the code. That section relates alone to mental capacity.

December 18, 1893.

Indictment for assault to rape. Before Judge HENRY. Floyd superior court. September term, 1893.

The accused was 13 years and 27 days old, according to the testimony of his father. According to the testimony of the girl alleged to have been assaulted, she was 10 years old at the time, and was in the road on her way to school, when the defendant, walking about four feet from her and in the same direction, accosted her with the expression, "Howdy sweetheart," and made an obscene statement manifesting his purpose to have sexual intercourse with her immediately. She had said nothing to him. He started after her, and she ran and called her mother, who was in her house hard by. The mother responded to the call, and before she came defendant ran off down the road. Other inhabited houses were not far from the place, which was in a cleared grove. Several witnesses testified that it was too open for a person to hide; on the other hand there was testimony that one could have hidden in the shrubbery only a short distance from the spot. Defendant's aunt testified that she was sitting in her house near the road

when the child went by, and saw the defendant on the other side of the road sixty feet from the girl; and that if anything passed, witness did not see it. The child testified that she had never spoken to defendant, nor that she then said to him, "Hello, black Dick," nor anything else, but that "among us children it was common for us to call Dick Gordon black Dick; that's what we called him." The defendant stated, that when the girl got opposite him in the road she said, "Hello, black nigger Dick"; to which he replied, "You had better go on and let me alone. I'll hurt you if you don't." She said, "I will tell ma if you do," and he replied, "I don't care if you do tell your ma." As he went on up the road she called her ma two or three times, and her ma came out there, and he kept walking on down the road. He did not know what she told her ma; but that was all he said to the girl. His counsel conceded that he was a boy of ordinary intelligence for his age, and knew right from wrong; but denied his physical capacity to commit the crime charged, and insisted that such capacity must be proved.

The motion for new trial alleges that the verdict was contrary to law and evidence; that the presumption is conclusive that the defendant was incapable of committing the crime; that the court erred in charging the jury in the language of §4294 of the code, for this section was inapplicable to the case and was calculated to confuse and mislead the jury; and that the court erred in refusing to charge the jury thus: "If the evidence shows the defendant to have been under the age of fourteen years at the time crime is alleged to have been committed, then the law presumes, from defendant being under the age of fourteen years, that the defendant was physically incapable of committing the offence of rape; and it would then be incumbent upon the State, if defendant was under the age of fourteen

years, to show by proof that defendant did have the physical capacity to commit the offence of rape, by having carnal knowledge of a woman; if defendant had no capacity to have sexual intercourse, then he could not be guilty of rape, and if defendant was incapable of committing rape, he could not be guilty of an attempt to commit rape."

G. A. H. Harris, for plaintiff in error.

W. J. Nunnally, solicitor-general, *contra*.

Simmons, Justice.

By the common law of England, a boy under fourteen years of age cannot be convicted of rape. In Hale's Pleas of the Crown it is said that an infant under that age "is presumed in law to be unable to commit a rape, and therefore, it seems, cannot be guilty of it; and though in other felonies *militia supplet œtatem* in some cases, . . . yet it seems as to this fact the law presumes him impotent, as well as wanting in discretion." (Vol. 1, p. 629.) This presumption of physical incapacity is based upon the fact that in England puberty is very seldom attained, among males, under that age. The age of puberty, however, is governed to a great extent by race and climate, and it is well known that in this country, and especially in the southern part of it, instances of puberty among boys under fourteen years of age are not uncommon. If the common law rule on this subject were adhered to in this State to the extent of treating the presumption as conclusive, it would afford immunity to a large number of persons capable of committing rape or who have actually committed it, and thus in many instances defeat the ends of justice. The common law was adopted in this State so far only as applicable to the conditions existing here (see *Turner* v. *Thompson*, 58 *Ga.* 271); and there being no statute of Georgia establishing any presumption of this kind, the

rule in question, in so far as it treats the presumption as conclusive, cannot be regarded as a part of the law of this State. The rule has to this extent been held inapplicable in other States. (People *v.* Randolph, 2 Park. Crim. Rep. (N. Y.) 174; Heilman *v.* Commonwealth, 84 Ky. 457, 4 Am. State Rep. 457; Williams *v.* State, 14 Ohio, 222, 45 Am. Dec. 526; Wagoner *v.* State, 5 Lea, 352, 40 Am. Rep. 36; and see McKinney *v.* State, 29 Florida, 565, 30 Am. State Rep. 140.) In none of the States, however, except Louisiana, so far as we have been able to ascertain, has it been held that there is no presumption at all as to the incapacity of boys under that age; and the reason assigned for so holding in Louisiana is, that in that State "a large majority of youths attain puberty before the age of fourteen years." (State *v.* Jones, 39 La. Ann. 935.) It cannot be said that this is so in Georgia; on the contrary, it is quite probable that a large majority of youths in this State do not attain puberty until after that age. We think the proper rule, as applicable to the conditions existing in this State, is that announced by the courts of other States in the decisions above referred to, namely, that there is a presumption of physical incapacity as to all boys under the age of fourteen, but that this is merely a *prima facie* presumption, subject to be rebutted by proof. Thus modified, we think the presumption is just and reasonable, certainly not less so than the presumption recognized by our law as to the mental incapacity of boys under that age. There has been some question as to whether this rule applies also to assault with intent to rape, but we think the better opinion is that it applies to both offences. See discussion of this question in People *v.* Randolph, 2 Park. Crim. Rep. (N. Y.) 213; see also Rex *v.* Groombridge, 7 Carr. & Payne, 582; Rex *v.* Eldersham, 3 *Id.* 396; Rex *v.* Phillips, 8 *Id.* 736; Williams *v.* State, 14 Ohio, 222; 1 Bishop,

Crim. Law (ed. 1892), §746(2). The evidence in this case being uncontradicted that the accused was under fourteen years of age at the time the offence was alleged to have been committed, we think the court ought to have given in charge the instruction requested on this subject, as set out in the 4th ground of the motion for a new trial. There being no proof of actual capacity, and there being room for doubt, under the evidence, as to whether the accused intended or was attempting to commit rape, this error requires a reversal of the judgment denying a new trial.

2. Upon the trial of a boy between the ages of ten and fourteen years for any offence, it is not error to give in charge to the jury section 4294 of the code. That section relates alone to mental capacity.

*Judgment reversed.*