## Staunton.

FOSTER v. COMMONWEALTH.

SEPTEMBER 15, 1898.

1. RAPE—*Presumption as to Boy under Fourteen Years of Age.*—A boy under the age of fourteen years is conclusively presumed to be incapable of committing the crime of rape, or of attempting to commit it, whatever may be the real facts.

Error to a judgment of the Circuit Court of Roanoke county rendered May 9, 1898, affirming a judgment of the County Court of said county rendered at its April term, 1898, whereby the plaintiff in error was adjudged to be guilty of a felony, and sentenced to imprisonment in the penitentiary for a period of eight years.

*Reversed.*

The opinion states the case.

*R. H. Logan* and *W. W. Ballard,* for the plaintiff in error.

*Attorney-General A. J. Montague,* for the Commonwealth.

RIELY, J., delivered the opinion of the court.

This case presents for decision the important question whether a boy under fourteen years of age is capable under the law of committing the crime of rape, or of the attempt to commit it. It does not appear ever to have been passed upon in this State by any court of last resort.

In *Law* v. *Commonwealth*, 75 Va. 885, it was stated as the result of all the authorities that a boy under fourteen years of age who *aids and assists* another person in the commission of the offence of rape, may be convicted as principal in the second degree, if it appear from all the circumstances of the case that he had a mischievous discretion, but the particular question we are now called upon to decide was not involved in that case, and, though adverted to, the court refrained from expressing any opinion upon it.

By the common law, a boy under fourteen years of age is conclusively presumed to be incapable of committing the offence, whatever be the real fact. Evidence to rebut the presumption is inadmissible. 1 Hale, P. C. 630; 4 Black Com. 212; 2 Russell on Crimes (9th Ed.), 1117; 2 Archbold's Cr. Pr. and Pl. 156; *Rex* v. *Eldershaw*, 3 C. and P. 366; *Rex* v. *Groombridge*, 7 C. and P. 582; *Rex* v. *Phillips*, 8 C. and P. 736; *Rex* v. *Jordan*, 9 C. and P. 118; *Rex* v. *Brimilow*, *Id.* 366; *Queen* v. *Waite* (1892), 2 Q. B. 600; and *Queen* v. *Williams* (1893), 1 Q. B. 320.

In the United States the rule of the common law has not been uniformly followed. It was adhered to in *State* v. *Handy*, 4 Harr. (Del.) 566; *State* v. *Sam*, 60 N. C. 293; *Williams* v. *State*, 20 Fla. 777; and in *McKinney* v. *State*, 29 Fla. 565. See also *Commonwealth* v. *Green*, 2 Pick. (Mass.) 380.

In *Williams* v. *State*, *supra*, it was held that as there was no statute in Florida fixing the age within which a person is capable of committing the crime of rape, the rule of the common law prevailed, and that a boy under fourteen years of age could not be guilty of the offence.

In some of the other States the rule of the common law has been laid down in a modified form.

In *Williams v. State*, 14 Ohio, 222, it was held that an infant under the age of fourteen years is presumed to be incapable of committing the crime of rape, or of an attempt to commit it; but that the presumption may be rebutted by proof that he has

arrived at puberty, and is capable of consummating the crime. This decision was made in 1846. The question was again before the court in 1878 in the case of *Hiltabiddle*, 35 Ohio St. 52, and the rule in its modified form, as laid down in *Williams* v. *State, supra*, since it had stood as the law of that State for many years was followed, but it is strongly implied in the opinion that except for the previous decision the court would have adhered to the rule of the common law.

The rule in its modified form, as adopted in *Williams* v. *State*, 14 Ohio, 222, has been followed in New York, Tennessee, Kentucky, Louisiana, and Georgia. *People* v. *Randolph* (N. Y.), 2 Parker's Cr. R. 174; *Wagoner* v. *State* (Tenn.), 5 Lea 352; *Hellman* v. *Com.*, 84 Ky. 457; *State* v. *Jones*, 39 La. Ann. 935; and *Gordon* v. *State*, 93 Ga. 531. See *State* v. *Yeargan*, 36 L. R. A., note 203.

The American text-writers upon criminal law, so far as we have had access to them, adhere to the rule of the common law. Davis on Cr. Law, 25, 29; Minor's Syn. of Cr. Law, 73; Wharton on Cr. Law, sec. 551; 3 Greenleaf on Evidence, sec. 215; and 1 Bishop's New Cr. Law, sec. 373; 2.*Id.* sec. 1117.

The last named author, who is universally recognized as one of the ablest and most philosophical writers upon law in this country, in his latest work on criminal law, approves unqualifiedly the rule of the common law for the sake of convenience and decency as well as for its justice, and doubts "whether physical capacity in boys below fourteen is sufficiently frequent to call for the abolition of a technical rule so well adapted as this to prevent those particular statements of indecent things which wear away the sense of the refined, placed by the Maker, in the human mind as a protector of its virtue." 2 Bishop New Cr. Law, sec. 1117.

The convention of May, 1776, which declared our separation from England, and framed the first Constitution of the State, ordained that " the common law of England, all statutes or

acts of Parliament made in aid of the common law prior to the fourth year of the reign of King James the First, and which are of a general nature, not local to that kingdom, together with the several acts of the General Assembly of this colony now in force, so far as the same may consist with the several ordinances, declarations, and resolutions of the general convention, shall be the rule of decision, and shall be considered as in full force, until the same shall be altered by the legislative power of this colony." 9 Hen. Stat. 127, sec. 6; 13 *Id.* 23, ch. 17; and 1 R. C., ch. 38, 40, pp. 135, 136.

In the year 1792 so much of the ordinance of 1776 as adopted the acts of Parliament of a general nature, made in aid of the common law prior to the fourth year of James the First, was repealed by the Legislature; but that part of the ordinance of 1776, which established the common law until it should be altered by legislative power, has never been repealed.

The revisors of the Code of 1849 prepared, and the Legislature adopted, the following statute, prescribing the force and effect to be given to the common law:

" The common law of England, so far as it is not repugnant to the principles of the Bill of Rights and Constitution of this State, shall continue in force within the same, and be the rule of decision, except in those respects wherein it is or shall be altered by the General Assembly." Code of 1849, ch. 16, sec. 1.

And this is, by statute, the force and effect to be given to it at the present time. Code of 1887, sec. 2.

Consequently, the common law of England, so far as it is not repugnant to the principles of the Bill of Rights and Constitution of this State, or has not been modified by our written law, is in full force in this State, and constitutes the rule of decision on all subjects, whether of a civil or criminal nature. See report of revisors of Code of 1849, p. 68, note.

Although, by the terms of the ordinance of 1776, the common law was adopted generally and without a qualification

similar to that annexed to the adoption of the British statutes, yet it has always been considered that the same principle governs the adoption of the common law. Such of its doctrines and principles as are repugnant to the nature and character of our political system, or which the different and varied circumstances of our country render inapplicable to us, are either not in force here, or must be so modified in their application as to adapt them to our condition. It is a reasonable and substantial compliance with the common law, " whose peculiar beauty is that it adapts itself to the rights of parties under every change of circumstances," rather than a literal one, which is exacted by its adoption. 1 Tuck. Com. 9; *Coleman* v. *Moody,* 4 H. & M. 20, 21 ; *Findlay* v. *Smith,* 6 Mun. 148 ; *Stout* v. *Jackson,* 2 Ran. 147 ; and *Stokes & Smith* v. *Upper Appomattox Co.,* 3 Leigh 337.

The Legislature, which is the representative of the sovereign power of the people, and specially charged with the duty of making or amending laws to meet their needs, has not at any time enacted any law changing the rule of the common law with respect to the matter under consideration. The presumption from the inaction of the Legislature is that it has not been found that the climate of our State, or the habits and condition of our people require any change or modification of the rule. And, in this connection, it is significant, and tends to confirm the presumption from the inaction of the Legislature, that in the judicial history of the State, extending over a period of more than a hundred years, no case drawing in question the rule of the common law in respect to the age of puberty in males can be found in any court of last resort in the State.

We are not aware of any climatic influence on our people by reason of their locality, or difference in their habits or condition, that calls for a modification of our unwritten laws as to the age of puberty, even if we were satisfied that we had the power to make it in view of the force and effect the statute

requires shall be given to the common law. The inconvenience, if not absolute inability, of obtaining evidence of the puberty of a boy under the age of fourteen and his capacity to commit the crime of rape, except by the exposure of his person, either voluntary or compulsory, and the questionable right of the Commonwealth to obtain it by compulsion, do not invite a modification of the arbitrary rule of the common law; while the unreliable and unsatisfactory evidence of the capacity of the accused to commit the crime, when so obtained and adduced, and the statement and discussion of indecent things which must attend its introduction before the jury, would cause us to hesitate to depart from a long-established rule, which has had the sanction of the wisest judges and undergone the test of years.

The circumstances under which the evidence to establish the puberty of the accused in the case before us was obtained, together with its nature and doubtful character, are well calculated to deter any modification of the rule of the common law, unless made necessary by the social condition of our people, and required for the protection of virtue.

The accused being under fourteen years of age, and conclusively presumed to be incapable of committing the crime of rape, it logically follows, as a plain, legal deduction, that he was also incapable in law of an attempt to commit it. He could not be held to be guilty of an attempt to commit an offence which he was physically impotent to perpetrate. 1 Bishop's New Cr. Law, 746; 2 *Id.* 1136; 2 Russell on Crimes, 676; 3 Greenleaf on Evidence, sec. 215, note; *State* v. *Sam*, 60 N. C. 293, 300; *Queen* v. *Waite*, 2 Q. B. 600; and *Queen* v. *Williams*, 1 Q. B. 320.

The judgment of the Circuit Court must be reversed, and a new trial awarded the plaintiff in error, to be had in accordance with the views expressed in the foregoing opinion.

*Reversed.*