York Chism, Plaintiff in Error, vs. The State of Florida, Defendant in Error.

1.  The rule of the common law is that a boy under the age of fourteen years is conclusively presumed to be incapable of committing the crime of rape, and this rule, under the statutes in this State, is still in force here.
2.  It is error to instruct the jury, in a case of rape, that if they believe from the evidence that the defendant was under the age of fourteen years a presumption arises that he is incapable of committing the crime, and that this presumption continues until the State by competent testimony overcomes it and establishes capacity by showing that he has reached the age of puberty to the exclusion and beyond a reasonable doubt.

Writ of Error to the Circuit Court for St. Johns County.

The facts in the case are stated in the opinion of the court.

*Albert H. Mickler and J. W. Henderson,* for Plaintiff in Error.

*The Attorney-General,* for Defendant in Error.

MABRY, J.:

The plaintiff in error was indicted and convicted for the crime of rape, and the death sentence was imposed by the court. A writ of error has been sued out by the accused and several assignments of error filed questioning the correctness of the court's ruling in giving and refusing instructions, and also the sufficiency of the evidence to sustain the verdict.

The testimony for the defence tended to show that

the accused was under the age of fourteen years at the time the offence is alleged and claimed by the State to have been committed. This testimony came from those who spoke from knowledge, was not contradicted, and established, if true, that the accused had not arrived at the age of fourteen years when the crime is claimed to have been committed, though it is clear he was over thirteen years of age, and not far from fourteen.

The court instructed the jury that if they "believe from the evidence that the defendant was under the age of fourteen years, a presumption arises that he is incapable of committing the crime of rape. This presumption of incapacity continues until the State by competent testimony overcomes this presumption of incapacity and shows his capacity by showing that he had reached the age of puberty to the exclusion of and beyond a reasonable doubt." The defendant's counsel duly excepted to this charge, and requested, among others, one asserting that if the defendant was under fourteen years old he was conclusively presumed to be incapable of committing the crime of rape and should be acquitted, which was refused.

In the case of The Queen v. Waite, 2 Q. B. 600, decided in 1892, Lord Coleridge, C. J., said that "the rule at common law is clearly laid down by Lord Hale, that in regard to the offence of rape *malitia non supplet aetatem*, a boy under fourteen is under a physical incapacity to commit the offence. That is a *presumptio juris et de jure*, and judges have time after time refused to receive evidence to show that a particular prisoner was in fact capable of commiting the offence." See, also, Regina v. Phillips, 8 Car. & P. 736.

The American courts all without exception admit that at common law as administered in England, a boy

under fourteen years old could not commit the crime of rape, not because he had not then arrived at the age of discretion to discern right from wrong, but because he was deemed to be physically incapable of committing the particular crime of rape. This court has recognized the existence of the rule of the common law as above stated in the cases of Williams v. State, 20 Fla. 777, and McKinney v. State, 29 Fla. 565, 10 South. Rep. 732.

Several American courts have refused to apply absolutely the common law rule in their respective jurisdictions on the theory, it would appear from the reasoning employed, that as the rule originated in England under climatic and other conditions surrounding the English people showing that puberty did not develop in males before the age of fourteen, it should not be rigidly applied here, where experience frequently shows a development of puberal capacity before that time. The common law rule, according to this view, is deemed sufficiently flexible to admit of application to actual facts as may be shown to exist, and so it is laid down that before the age of fourteen a presumption exists of incapacity, but that it may be overcome by proof. Gordon v. State, 93 Ga. 531, 21 S. E. Rep. 54; Williams v. State, 14 Ohio 222, S. C. 45 Am. Dec. 536; Heilman v. Commonwealth, 84 Ky. 457, 1 S. W. Rep. 731, S. C. 4 Am. St. Rep. 207; People v. Randolph, 2 Parker Crim. Rep. 174. In Louisiana it was held that as to physical capacity under the age of fourteen there was no presumption either way, and the question depended entirely upon the proofs. State v. Jones, 39 La. Ann. 935, 3 South. Rep. 57. There is much to impress a court with the merit of the holding that under the age of fourteen there is a presumption of incapacity, but that it may be

overcome by proof, and it is not at all surprising that courts in this country have adopted it.

With us the consideration arises, to what extent, under our legislation, are we at liberty to depart from a common law rule so clearly established. In 1832, while Florida was a territory, an act was passed declaring that the common law of England in relation to crimes and misdemeanors, except so far as the same related to the modes and degrees of punishment, was adopted and of full force in the territory. And in the revision of 1892, section 2369, it is provided that "the common law of England in relation to crimes, except so far as the same relates to the modes and degrees of punishment, shall be of full force in the State where there is no existing provision by statute on the subject." There is no existing statute on the subject of the age under which a male can not commit the crime of rape, and this court used this language in Williams v. State, *supra*: "the statutes of this State fix no age within which a person is incapable of committing this crime (rape), but the common law is explicit upon the subject and the authorities are numerous. It presumes that an infant under fourteen years of age is unable to commit the crime of rape, and therefore he can not be guilty of it." The common law, even in relation to crimes, must be so applied as to be adjustable to our machinery of government and political institutions, otherwise it might not in some cases be available at all, but under a legislative declaration that the common law of England in relation to crimes, with the exception stated, shall be of full force in the State, we are of the opinion that the courts are not authorized to set it aside for the reason that the climatic or racial conditions of our people differ from those of England where the law was developed. If such condi-

tions demand a change of the common law, it is for the legislature to make it, and not the courts. The latter are not invested with legislative power under our system of government. A similar question was raised before the Supreme Court of Appeals of Virginia in 1898, and the conclusion reached is that a boy under fourteen years of age is conclusively presumed to be incapable of committing the crime of rape. Foster v. Commonwealth, 96 Va. ——, 31 S. E. Rep. 503, S. C. 42 L. R. A. 589. See, also, State v. Sam, 60 N. C. 293 (1 Winst. 300).

We conclude that the court erred in giving the charge excepted to, and this necessarily causes a reversal of the judgment. What has been said will enable the court to frame correct instructions on the subject in case of another trial.

In view of the reversal as to the charges given by the court on the evidence produced in reference to the age of the accused, we do not pass upon other questions as to charges; nor do we express an opinion as to the sufficiency of the evidence to sustain the verdict.

Judgment reversed and trial *de novo* awarded.