## CIRCUIT COURT OF FAIRFAX COUNTY

Howard S. Williamson

v.

Ethel C. Loredo et al.


Marjorie M. Williamson

v.

Ethel C. Loredo et al.


William Harrell

v.

Ethel C. Loredo et al.


Audrey Harrell

v.

Ethel C. Loredo et al.

June 21, 1985

Case Nos. (Law) 67108, 67109, 67110, 67111

By JUDGE JACK B. STEVENS

This matter comes before the Court upon the Demurrer of the Defendant, The Old Brogue, Inc., to the Motion for Judgment. After hearing argument of counsel and a

review of the pleadings and memoranda submitted, it is the opinion of the Court that the Demurrer be sustained.

The question for decision is whether the Motion for Judgment in each of the above cases seeking to hold a seller of intoxicating liquor liable for negligence, resulting in personal injuries sustained by the Plaintiffs, who were third parties, as a result of the negligence of the buyer-consumer of the liquor after leaving the seller's restaurant/bar, alleges a cause of action which is cognizable in Virginia. Notwithstanding the arguments propounded by Plaintiff in favor of extending the common law to recognize such a cause of action, and despite the fact that nationwide there appears to be a decided trend favoring the imposition of liability upon tavern owners, this Court is forced to conclude that such an action is simply not cognizable at this time as it is in derogation of the common law. Rather than logically extending the common law, as Plaintiff suggests, such a cause of action abrogates the common law that this Court is constrained to follow, both by statute and case precedent.

At common law, the consumer of intoxicants was generally unable to recover against the individual furnishing the liquor for injuries sustained resulting from intoxication. Such an action was not recognized for the reason that the drinking of the liquor, not the furnishing of it, was the proximate cause of the injury. *See* 45 Am. Jur. 2d, *Intoxicating Liquors* § 554 (1969), *see also* Annotation, 54 A.L.R.2d 1152. In a related group of cases, involving injuries caused by, rather than to, a consumer of intoxicants, the same rule historically protected the vendor from liability to such third persons, again based on the absence of proximate cause. *See* Annotation, 75 A.L.R.2d 833, *see also, Vance v. United States*, 355 F. Supp. 756, 761 (D. Alaska 1973).

By statute in Virginia, the Court is required to follow the common law. Section 1-10 of the Code of Virginia provides:

> The common law of England, insofar as it is not repugnant to the principles of the Bill of Rights and Constitution of this State, shall continue in full force within the same, and the rule of decision, *except as altered by the General Assembly.* (emphasis added)

This requirement in Virginia of adherence to the rule of the common law has existed since the birth of the United States. Its history was concisely set forth in *Foster* v. *Commonwealth*, 96 Va. 306 (1898), as follows:

The convention of May, 1776, which declared our separation from England, and framed the first Constitution of the State, ordained that "the common law of England, all statutes or acts of Parliament made in aid of the common law prior to the fourth year of the reign of King James ·the First, and which are of a general nature, not local to that kingdom, together with the several acts of the General Assembly of this colony now in force, so far as the same may consist with the several ordinances, declarations, and resolutions of the general convention, shall be the rule of decision, and shall be considered as in full force, until the same shall be altered by the legislative power of this colony." 9 Hen. Stat. 127, sec. 6; 13 *Id*. 23, ch. 17; and 1 R. C., ch. 38, 40, pp. 135, 136.

In the year 1792 so much of the ordinance of 1776 as adopted the acts of Parliament of a general nature, made in aid of the common law prior to the fourth year of James the First, was repealed by the Legislature; but that part of the ordinance of 1776, which established the common law until it should be altered by legislative power, has never been repealed.

The revisors of the Code of 1849 prepared, and the Legislature adopted, the following statute, prescribing the force and effect to be given to the common law:

"The common law of England, so far as it is not repugnant to the principles of the Bill of Rights and Constitution of this State, shall continue in force within the same, and be the rule of decision, except in those respects wherein it is or shall be altered by the General Assembly." Code of 1849, ch. 16, sec. 1.

And this is, by statute, the force and effect to be given to it at the present time. Code of 1887, sec. 2.

Consequently, the common law of England, so far as it is not repugnant to the principles of the Bill of Rights and Constitution of this State, or has not been modified by our written law, is in full force in this State, and constitutes the rule of decision on all subjects, whether of a civil or criminal nature. 96 Va. at 308-09.

Subsequent cases attest to the vitality of the requirement. *See*, e.g., *Wiseman* v. *Commonwealth*, 143 Va. 631 (1925); *Needham* v. *Needham*, 183 Va. 681 (1945); *Carter* v. *Hinkle*, 189 Va. 1 (1949); *Oehl* v. *Oehl*, 221 Va. 618 (1980); *Gray* v. *Commonwealth*, 226 Va. 591 (1984).

While many states have enacted Civil Liability Acts or Dram Shop Acts which impose civil liability upon bar or tavern keepers for damages caused by or to their intoxicated customers, the Virginia General Assembly has failed to enact such legislation. Moreover, this Court is not aware of any Virginia case that has imposed common law liability upon a vendor of intoxicating liquors for the torts of an intoxicated patron. Given the absence of any statutory authority allowing such an action, and given the fact that the Virginia Supreme Court is generally loath to abrogate the common law, *see*, e.g., *Bruce Farms* v. *Coupe*, 219 Va. 287 (1978), this Court is forced to conclude that allowing Plaintiff to maintain this action would run counter to the common law, rather than being a logical extension of it, notwithstanding Judge Williams' decision in *Corrigan* v. *United States*, 595 F. Supp. 1047 (E.D. Va. 1984). Recognition of such a right of action must properly emanate from the Legislature and not the court. Cf. *Counts* v. *Counts*, 221 Va. 151 (1980), and subsequent statutory change in Section 8.01-220.1, Code of Virginia, (1950), as amended.

In declining to abrogate the common law rule and extend liability, this Court is not involving itself in a philosophical debate as to what the proximate cause of the injury happens to be; whether the proximate cause of injury is the selling of liquor or the consuming of it is not being considered by the Court at this time. Rather, this Court simply recognizes that until such time

as the General Assembly enacts Dram Shop or Civil Liability legislation, the common law of Virginia fails to impose liability on a tavern owner. It is the opinion of the Court "that the decision whether a common law rule of such ancient vintage as the one at bar should be reversed is one properly within the province of the General Assembly." *Bruce Farms* v. *Coupe, supra,* at 293.

For the foregoing reasons, Defendant's Demurrer is hereby sustained.