(108 N. W. 798.)

---

## STATE OF NORTH DAKOTA v. WALTER FISK.

Opinion filed June 29, 1906.

### Capacity of Infant to Commit Crime — Evidence — Presumption.

1. Under the statutes of this state (section 8544, Rev. Codes 1905; section 6814, Rev. Codes. 1899), a child under seven years of age is legally incompetent to commit crime. Between the ages of seven and fourteen they are presumed to be incompetent, but the presumption is not conclusive. To overcome the presumption of incompetency, the burden is upon the state to show by clear proof that the defendant knew the wrongfulness of the act when he committed it.

### Same — Rape.

2. There is a presumption that a child under fourteen is not physically capable of consummating the crime of rape, and by statute, a person of that age cannot be convicted of the offense "unless his physical ability to accomplish penetration is proved as an independent fact, and beyond a reasonable doubt." Section 8891, Rev. Codes 1905; section 7157, Rev. Codes 1899.

### Same — Burden of Proof — Mental and Physical Capacity.

3. In prosecution of persons between the ages of seven and fourteen, for rape or an attempt to commit rape, the burden is upon the state to show the mental and physical competency of the defendant. In the absence of such proof, the presumption of incompetency must prevail.

### Same — Legal Incapacity Extends Both to the Act and Attempt.

4. When the record fails to show that a child under fourteen years of age, who is charged with assault with intent to commit rape had the physical capacity to consummate the offense, a conviction for the attempt cannot be had. The legal incompetency in such a case extends both to the act and the attempt.

Appeal from District Court, Ransom county; *Allen*, J.

Walter Fisk was indicted for assault. Verdict of not guilty, and the state appeals. Affirmed.

*C. N. Frich, Attorney General,* and *Alfred M. Kvello,* for appellant.

Injury to the feelings of a woman may be outraged by one who is incompetent as by one not. Territory v. Keyes, 5 Dak. 244, 38 N. W. 440.

Being under 14 years of age is not a defense to the charge of assault with intent to commit rape. Commonwealth v. Green, 2 Pick. 380. Impotency is a defense to the charge of rape, but not to an assault with intent to commit that crime. Whart. Crim. Law (8th Ed.) section 552; 1 Bish. Crim. Law, sections 737-738; Barb. Crim. Law, 114.

*T. A. Curtis* and *F. S. Thomas,* for respondent.

Where no conviction can be had for the crime none can be had for the attempt. Queen v. Williams, 1 Q. B. 320; McKinney v. State, 29 Fla. 565.

YOUNG, J. An information was filed by the state's attorney of Ransom county, charging the defendant with the crime of assault with intent to commit rape. The testimony disclosed that the prosecutrix was a married woman 20 years of age, who had been married at the age of 16 and was the mother of two children, and that the defendant at the date of the alleged attempt was under 14 years of age. The court instructed the jury that under the evidence the defendant could not be found guilty of assault with intent to commit rape, and that the only offense for which he could be convicted was a simple assault, and then only upon finding that he knew its wrongfulness. The jury returned a verdict of not guilty, and the state has appealed and assigns error upon the instructions.

The case presents the question of the criminal responsibility of children under 14 years of age. The trial court gave the following instruction, which is assigned as error: "The only felony which the testimony shows the defendant could have intended to commit in this case would be an attempt to commit the crime of rape and under the view the court takes, you are instructed as a matter of law, you can, under no circumstances, find this defendant guilty of this crime, as the law presumes a boy of his age to be incapable of committing the crime of rape and no evidence has been offered to overcome this presumption." Error is also assigned upon the

court's refusal to give the following instruction requested by the state: "I charge you as a matter of law that impotency in a case of this kind, that is assault with intent to commit rape, is no ,defense. The essence of the crime of assault with intent to commit rape, is the outrage to the person and feelings of the female. The feelings of a woman may be outraged by the force and brutality of a man who is impotent as well as of a man who is not."

In our opinion neither assignment can be sustained. The confusion which existed at common law as to the capacity of children to commit crime, has been removed in this state by express statute. Section 8544, Rev. Codes 1905 (section 6814, Rev. Codes 1899) so far as material, reads as follows: "All persons are capable of committing crime except those belonging to the following classes: (1) Children under the age of seven years; (2) children over the age of seven years, but under the age of fourteen years, in the absence of clear proof that at the time of commiting the act or neglect charged against them they knew its wrongfulness." Under the above section, a child under the age of 7 years is conclusively presumed to be incapable of committing a crime. In this respect it is the same as the common law, both of England and this country. Between 7 and 14, called the dubious age of discretion, the child is still presumed to be incapable, but the presumption is not conclusive. The state may overcome the presumption, but to do so, it must show by clear proof that the accused knew the wrongfulness of the act when he committed it. In the absence of such proof the presumption of incapacity must prevail. The burden is upon the state in such cases to prove knowledge of the wrongfulness of the act as an independent fact. In this respect the rule is the same as at common law. Angelo v. People, 96 Ill. 209, 36 Am. Rep. 132; State v. Adams, 76 Mo. 355; Stone v. R. R. Co., 115 N. Y. 109, 21 N. E. 712; Godfrey v. State, 31 Ala. 323, 70 Am. Dec. 494, and cases cited in note.

The foregoing may be said to refer to mental capacity. But the crime of rape, as well as the crime of assault with intent to commit rape, involves a further element, and that is the physical capacity to commit the offense. In England it was accepted as a fact that a child under 14 had not the physical capacity to commit the offense, and it was, therefore, held from an early day that the presumption of incapacity was conclusive. Evidence to show capacity

was not admissible. Rex v. Eldershaw, 3 Car. & Payne, 396; Rex v. Groombridge, 7 Car. & Payne, 583; Reg. v. Philips, 8 Car. & Payne, 736; Reg. v. Jordan, 9 C. & P. 118. In this country several states followed the English common law rule. Williams v. State, 20 Fla. 777. McKinny v. State, 29 Fla. 565, 10 South. 732, 30 Am. St. Rep. 140; State v. Sam Wrist, 60 N. C. 294; State v. Pugh, 52 N. C. 61; Foster v. Com. (Va.) 31 S. E. 503, 42 L. R. A 589, 70 Am. St. Rep. 846; State v. Handy, 4 Har. (Del.) 566. See, also, Com. v. Green, 2 Pick. (Mass.) 380. The courts of other states, and with considerable unanimity, were of opinion that the English rule was not suited to this country on account of the difference in condition, the age of puberty apparently coming earlier, and held that the presumption of physical incapacity was not conclusive, but that it may be overcome by proof that the defendant has reached the age of puberty and was capable of consummating the crime. People v. Randolph (N. Y.) 2 Parker Cr. R. 174; Williams v. State, 14 Ohio, 222, 45 Am. Dec. 536; Hiltabiddle v. State, 35 Ohio St. 52, 35 Am. Rep. 592; Gordon v. State, 93 Ga. 531, 21 S. E. 54, 44 Am. St. Rep. 189; Wagoner v. State, 5 Lea (Tenn.) 352, 40 Am. Rep. 36; Heilman v. Com., 84 Ky. 457, 1 S. W. 731, 4 Am. St. Rep. 207; State v. Jones, 39 La. Ann. 935, 3 South. 57. The law in this state is settled by statute in favor of the rule laid down in the cases just cited. Section 8891, Rev. Codes 1905 (section 7157, Rev. Codes 1899), reads as follows: "No conviction for rape can be had against any one who was under the age of fourteen years at the time of the act alleged, unless his physical ability to accomplish penetration is proved as an independent fact, and beyond a reasonable doubt."

The record in this case shows that the state offered no evidence to show (1) a knowledge on the part of the defendant of the wrongfulness of the act with which he is charged; or (2) that he had arrived at the age of puberty and was physically able to accomplish penetration. In the absence of proof of mental and physical capacity, the presumption of incompetency must prevail. The court was right, therefore, in instructing the jury that under the evidence they could not find the defendant guilty of an assault with intent to commit rape. There was no proof of physical ability to consummate the offense of rape. The presumption is controlling, therefore, that he had not reached the age of puberty. Not having the capacity to commit the crime of rape, he could not be

guilty of the crime of assault with intent to commit rape. As applied to such assaults by children between 7 and 14 years of age, the rule is that where physical capacity to consummate the offense is not shown, there can be no conviction for an assault with intent to commit it. There being no ability to commit the rape, "the intent is merely a thought or desire, which could not in the nature of things produce any result, the highest offense of which the party was capable being a mere assault and battery. People v. Randolph, 2 Parker C. R. 174, 213; also Rex v. Eldershaw; Reg. v. Phillips, supra; Williams v. State, supra; State v. Sam, supra; McKinny v. State, supra; also, Reg. v. Waite, 2 Q. B. 600, and Reg. v. Williams, 1 Q. B. 320. The only case holding a contrary view which has come to our notice is Com. v. Green, 2 Pick. (Mass.) 380, in which it is held that the want of physical ability to consummate the offense will not defeat a conviction for an assault with intent to commit it. The general rule, however, is as stated in 1 Wharton, Crim. Law (9th Ed.)' section 184, that "If there be judicial incapacity for the consummated offense (e. g. infancy) there can be no conviction for the attempt." In this case upon the evidence, the defendant was legally incompetent to commit the crime of assault with intent to commit rape. There is neither logic nor reason in the view that a child is legally competent and responsible for an attempt where he is confessed legally incompetent to consummate the offense which he is charged with attempting, and so with the single exception above noted, the courts have held.

No error was committed in refusing the instruction requested by the state as to the defense of impotency. Whether the request states the law correctly as to an attempted rape by an adult, we need not determine. In such cases, impotency is a defense against the consummated offense. But the courts differ when the charge is an attempt. See Territory v. Keyes, 5 Dak. 244, 38 N. W. 440. In that case it was held that the impotency of a grown man is no defense in a prosecution for assault with intent to commit rape, in the absence of proof that the defendant knew that he was impotent. In such cases there is a presumption of legal incompetency. In the present case there is legal incompetency. The question of impotency is not involved. The question was as to the mental and physical capacity of the defendant. The burden was upon the state to show a legal capacity to commit the crime charged, by proof

of both facts. These facts were a part of the state's case. They were not defensive facts. The instruction requested related to the effect of the impotency of an adult, and was foreign to the issues, and was properly refused.

Judgment affirmed. All concur.