**In the Interest of C.M., a child.**

**Rick HAUGEN, Petitioner and Appellee,**

v.

**C.M., a child, K.M., her father, and R.B., her step-father, Respondents,**

**K.F.B., her mother, Respondent and Appellant.**

**Civ. No. 940287.**

Supreme Court of North Dakota.

June 1, 1995.

Tom M. Henning, Asst. State's Atty., Dickinson, for petitioner and appellee. Submitted on brief.

William G. Heth, Dickinson, for respondent and appellant. Submitted on brief.

SANDSTROM, Justice.

K.F.B. ("Kim," a pseudonym) appeals from a juvenile court order finding C.M. ("Cindy," a pseudonym) to be a deprived child and placing her in the custody of the Director of Stark County Social Services for a period of 18 months. We affirm.

## I

Cindy was born in 1990. Her biological parents are Kim and K.M. Kim married R.B. ("Robert," a pseudonym) in 1992.

In April 1994, Cindy's day care provider contacted Stark County Social Services about suspected abuse of Cindy. At that time, Cindy was being cared for by Robert, her stepfather, because Kim had been in jail since January 1994. After investigating the allegations, Social Services removed Cindy from Robert's custody and she was placed in foster care.

On April 28, 1994, a petition was filed in juvenile court alleging Cindy was a deprived child in need of treatment. Following a hearing, the juvenile court entered an order continuing the matter for 30 days to allow further investigation by the parties. Expressing concern delays may have deprived the court of jurisdiction, the juvenile court dismissed the petition without prejudice on July 22, 1994.

On the same day, a second petition was filed. The judge who presided over the original proceedings recused himself, and the case was reassigned to a new judge. Kim moved for dismissal of the petition, asserting the court's dismissal of the first petition was res judicata. The court denied Kim's motion. A hearing was held on September 1, 1994. The court found Cindy was a deprived child and ordered her placed in the temporary custody of the Director of Stark County Social Services for a period of 18 months. Kim appealed.

The juvenile court had jurisdiction under Art. VI, § 8, N.D. Const., and N.D.C.C. §§ 27–20–02(6) and 27–20–03(1). This Court has jurisdiction under Art. VI, § 6, N.D. Const., and N.D.C.C. § 27–20–56(1). The appeal was timely under N.D.C.C. § 27–20–56(1).

## II

■ Kim asserts the dismissal of the first petition was res judicata, and the court therefore erred in denying her motion to dismiss the second petition. We disagree.

■ The court dismissed the first petition without prejudice. A dismissal without prejudice is, by definition, not res judicata:

"A dismissal 'without prejudice' allows a new suit to be brought on the same cause of action. The words 'without prejudice', as used in judgment, ordinarily import the contemplation of further proceedings, and, when they appear in an order or decree, it shows that the judicial act is not intended to be res judicata of the merits of the controversy."

Black's Law Dictionary 1603 (6th ed. 1990). We have previously held that a dismissal without prejudice has no res judicata effect:

"A dismissal ' "without prejudice," means that no right or remedy of the parties is affected, the use of the phrase simply shows that there has been no decision of the case upon the merits, and prevents the defendant from setting up the defense of res adjudicata.'"

*Sellie v. North Dakota Insurance Guaranty Ass'n,* 494 N.W.2d 151, 159 (N.D.1992) (quoting *Olson v. Coalfield School District No. 16,* 54 N.D. 657, 210 N.W. 180, 181–182 (1926)).

Furthermore, the court's order of dismissal clearly indicated the court envisioned further proceedings:

"The Court is in doubt—because of the passage of time—whether it presently has jurisdiction to continue with this proceed-

ing based upon the petition filed in this case dated April 27, 1994.

"Accordingly, in order to resolve such doubt for the benefit of all interested persons (and particularly [Cindy]) the Court does hereby dismiss the petition herein without prejudice to the right of the petitioner to commence a new and separate action based upon the same facts as alleged herein, or those facts plus any new and additional ones having come to the attention of the petitioner."

We conclude the court did not err in denying Kim's motion to dismiss the second petition on grounds of res judicata.

### III

■ Kim asserts there was insufficient evidence to support the juvenile court's finding Cindy was deprived. We disagree.

■ Under N.D.C.C. § 27–20–02(5)(a), a deprived child is one who is "without proper parental care or control, subsistence, education as required by law, or other care or control necessary for the child's physical, mental, or emotional health, or morals, and the deprivation is not due primarily to the lack of financial means of the child's parents, guardian, or other custodian." A finding of deprivation must be supported by clear and convincing evidence. *In re N.W.*, 510 N.W.2d 580, 581 (N.D.1994); *In re K.R.A.G.*, 420 N.W.2d 325, 327 (N.D.1988). Upon a finding of deprivation, the juvenile court may temporarily place the child in the legal custody of an appropriate party outside the parental home. N.D.C.C. § 27–20–30(1)(b); *In re N.W.*, *supra*, 510 N.W.2d at 581.

■ Our review of the juvenile court's decision is governed by N.D.C.C. § 27–20–56(1), which provides "[t]he appeal must be heard by the supreme court upon the files, records, and minutes or transcript of the evidence of the juvenile court, giving appreciable weight to the findings of the juvenile court." Although we examine the evidence in a manner comparable to the former procedure of trial de novo, we give appreciable weight and deference to the findings and decision of the juvenile court, because that court had the opportunity to observe the demeanor of the witnesses. *In re N.W.*, *supra*, 510 N.W.2d at 581; *In re D.R.*, 463 N.W.2d 918, 919 (N.D.1990); *In re C.K.H.*, 458 N.W.2d 303, 305 (N.D.1990).

The finding of deprivation is premised upon allegations that Robert sexually abused Cindy. Cindy's day care provider testified Cindy had described in graphic detail incidents of sexual contact by Robert, including digital penetration and oral copulation. A public health nurse, who examined Cindy on the day Social Services was contacted, testified Cindy had a severe rash and abrasions on her buttocks and inner thighs, and bruises on her breasts. A physician who subsequently examined Cindy testified Cindy had a disruption or tear in her hymen that was highly unusual for a four-year-old girl. The physician testified this tear was consistent with digital penetration, and discounted other possible explanations for the tear. A foster care provider and a clinical psychologist testified Cindy described to them incidents of sexual abuse by Robert. The psychologist also testified about an incident during a therapy session when Cindy suddenly pulled her shorts and panties aside and exposed her genitals to the psychologist. Several witnesses testified Cindy masturbates excessively, wets the bed, and throws temper tantrums.

In response to this voluminous testimony, Kim asserts on appeal "the main and primary basis of proof of the Petitioner was that [Cindy] had a small tear to her hymeneal membrane, which was stated, as consistent with digital penetration of the vagina." Kim accordingly focuses her argument upon disputes in the testimony over the possible causes of the physical indications of abuse.

Although there were other possible explanations for the physical evidence, Kim ignores the strongest evidence produced by the petitioner: Cindy's confessions to several adults of the sexual abuse committed by her stepfather, Robert. Kim does not explain why a four-year-old child would give unsolicited, graphic descriptions of digital penetration and oral copulation to the day care provider, and repeat similar assertions to several other adults.

Upon review of the entire record in this case, giving appreciable weight to the juvenile court's findings, we conclude there was clear and convincing evidence establishing Cindy was a deprived child.

## IV

The order of the juvenile court is affirmed.

VANDE WALLE, C.J., and NEUMANN, LEVINE and MESCHKE, JJ., concur.