2001 ND 205

**In the Interest of M.C.H.**

**Damon Anderson, Petitioner and Appellee,**

v.

**M.C.H., a child, Respondent and Appellant,**

**S.H., Mother, and C.H., Father, Respondents.**

**No. 20010194.**

Supreme Court of North Dakota.

Dec. 20, 2001.

Damon E. Anderson, Assistant State's Attorney, Grand Forks, N.D., petitioner and appellee.

DeWayne A. Johnston, Olson Johnston Law Office, Grand Forks, N.D., for respondent and appellant.

SANDSTROM, Justice.

[¶ 1] M.C.H. appealed from a juvenile court order finding him delinquent and ordering probation and rehabilitation. Because the criminal capacity of children between the ages of seven and fourteen has been declared by statute, we conclude juveniles between the ages of seven and fourteen have no common law right to a presumption of incapacity to commit a crime, and affirm the juvenile court's order.

I

[¶ 2] M.C.H. allegedly took a vehicle belonging to his father's neighbor, operated the vehicle, and crashed it into vehicles parked at a neighboring residence. M.C.H. was found to have committed the delinquent acts of unauthorized use of a motor vehicle in violation of N.D.C.C. § 12.1–23–06, leaving the scene of an accident involving property damage in violation of N.D.C.C. § 39–08–07, and operating a motor vehicle without a license in violation of N.D.C.C. § 39–06–01. M.C.H. was ten years old at the time of the juvenile court hearing. On appeal, M.C.H. argues, the State failed to present evidence to overcome the common law presumption that children between the ages of seven and fourteen are incapable of committing a crime.

[¶ 3] The juvenile court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. §§ 27–20–02(12) and 27–20–03(1). This Court has jurisdiction under N.D. Const. art. VI, § 6, and N.D.C.C. § 27–20–56(1).

## II

[¶ 4] Review of the juvenile court's decision is governed by N.D.C.C. § 27–20–56(1). *In re R.D.B.*, 1998 ND 15, ¶ 9, 575 N.W.2d 420. On appeal, we review "the files, records, and minutes or transcript of the evidence of the juvenile court, giving appreciable weight to the findings of the juvenile court." N.D.C.C. § 27–20–56(1). Appreciable weight is given to the findings of the juvenile court, because it "had the opportunity to hear the testimony and observe the demeanor of the witnesses." *In re R.D.B.*, at ¶ 9; *see also In re C.M.*, 532 N.W.2d 381, 383 (N.D.1995); *In re N.W.*, 510 N.W.2d 580, 581 (N.D.1994).

[¶ 5] Dakota Territory, at least as early as 1877, defined the criminal responsibility of children by statute. Revised Code of the Territory of Dakota, Penal Code, ch. 2, § 16 (1877). This statutory definition was included in the 1895 Revised Code of North Dakota. N.D.R.C. § 6814 (1895). N.D.R.C. § 6814 provided, in part:

All persons are capable of committing crime, except those belonging to the following classes:

(1) Children under the age of seven years.

(2) Children over the age of seven years but under the age of fourteen years, in the absence of clear proof that at the time of committing the act or neglect charged against them, they knew its wrongfulness.

The definition of the criminal responsibility of children remained unchanged until the statute was replaced effective July 1, 1975. N.D.C.C. § 12–02–01 (1973); 1973 N.D. Sess. Laws, ch. 116.

[¶ 6] This Court has stated the statute defining the criminal responsibility of children removed the confusion that existed at common law regarding the capacity of children to commit crime. *State v. Fisk*, 15 N.D. 589, 108 N.W. 485, 486 (1906). The Court in *Fisk* interpreted N.D.R.C. § 6814:

Between 7 and 14, called the dubious age of discretion, the child is still presumed to be incapable, but the presumption is not conclusive. The state may overcome the presumption, but to do so, it must show by clear proof that the accused knew the wrongfulness of the act when he committed it. In the absence of such proof the presumption of incapacity must prevail. The burden is upon the state in such cases to prove knowledge of the wrongfulness of the act as an independent fact. In this respect the rule is the same as at common law.

*State v. Fisk*, 15 N.D. 589, 108 N.W. 485, 486 (1906). Section 6814 was viewed as a codification and clarification of the common law. *Id.* The presumption existed to protect children under the age of seven from facing a criminal prosecution and to protect children between the ages of seven and fourteen from facing a criminal prosecution, unless the state could show the child knew the wrongfulness of his actions. *Id.*

[¶ 7] The statute defining the criminal responsibility of children remained in effect even after the first juvenile court laws were enacted. *In re R.Y.*, 189 N.W.2d 644, 646–47 (N.D.1971). In *In re R.Y.*, the Court described the interaction between the criminal responsibility of children and the creation of a juvenile court system:

Under the common law there was no special judicial system for juveniles. Prior to the enactment of the various juvenile codes in the United States, most jurisdictions treated juveniles as adults in criminal proceedings and accorded them all of the privileges and rights as such. However, the legislature has the

power to define what acts shall constitute criminal offenses and to fix the age of criminal responsibility. It also has the power to say that an act done by a child shall not constitute a crime or be punishable as such. The legislative assembly of the Territory of Dakota fixed the age of criminal responsibility and provided that every child under the age of seven years is conclusively presumed to be incapable of committing a crime, but that "children of the age of seven years, but under the age of fourteen years, in the absence of proof that at the time of committing the act or neglect charged against them, they knew its wrongfulness" also are deemed incapable of committing a crime. Penal Code, Dakota Territory, 1877, Sec. 16(2). These statutory provisions are still retained in force. Section 12–02–01, N.D.C.C. If the legislature has the power to determine the age of criminal responsibility, it may also change the age and fix it conditionally as it has done in Section 27–20–34, N.D.C.C. This section provides that the juvenile court may transfer the offense for prosecution to the appropriate court having jurisdiction of the offense if the child was sixteen or more years of age at the time of the alleged delinquent conduct.

*In re R.Y.*, 189 N.W.2d at 646–47. The protection provided to children through N.D.C.C. § 12–02–01 was duplicated by the statutory structure of the juvenile court system. *Id.* Under both statutory schemes, children under the age of sixteen could not be prosecuted in a criminal court, but could face a juvenile court hearing. *Id.;* N.D.C.C. § 12–02–01 (1973); N.D.C.C. ch. 27–20.

[¶ 8] In 1971, the Legislative Council was directed to review and revise the crim-

inal statutes. *H.C.R. 3050*, 42d N.D. Legis. Sess. (1971). The task was assigned to the Interim Committee on Judiciary "B." *Report of the N.D. Legis. Council* 80 (1973). During the revision of the criminal code, N.D.C.C. § 12–02–02 was replaced with N.D.C.C. § 12.1–04–01. 1973 N.D. Sess. Laws ch. 116, § 4. Section 12.1–04–01, which became effective July 1, 1975, provided: [1]

> Persons under the age of seven years are deemed incapable of commission of an offense defined by the constitution or statutes of this state. The prosecution of any person as an adult is barred if the offense was committed while the person was less than sixteen years of age.

The 1973 Report of the North Dakota Legislative Council included a short discussion of the new section 12.1–04–01:

> The fourth chapter of the main bill (12.1–04) contains defenses to criminal charges. It would replace Chapter 12–05, which is the present chapter in Title 12 outlining criminal defenses. The first section of the new chapter continues the provision of current law that children under seven years of age are not deemed capable of commission of a criminal offense. In addition, the section provides that a person shall not be prosecuted as an adult if the offense was committed while he was under 16. This provision accords with the current provisions contained in the Uniform Juvenile Court Act, Chapter 27–20, NDCC.

*Report of the N.D. Legis. Council* 82 (1973). Section 12.1–04–01 was also discussed by the Interim Committee on Judiciary "B."

> The provision of the first sentence of [§ 12.1–04–01] that persons under seven years of age shall be deemed incapable

---

**1.** Section 12.1–04–01 was amended in 1981 to lower from sixteen to fourteen the age at which a person is barred from prosecution as an adult. 1981 N.D. Sess. Laws ch. 328, § 2.

of committing an offense would still prevent criminal liability from attaching to a person under seven years of age, even in a juvenile court.

The Committee Counsel noted that [§ 12.1–04–01] would replace Subsections 1 and 2 of Section 12–02–01.

*Minutes of Interim Committee on Judiciary "B"* 27 (March 2–3, 1972).

[¶ 9]   When the law on a subject is declared by statute, there is no common law. N.D.C.C. § 1–01–06.   Throughout the history of the State of North Dakota, the criminal responsibility of children has been declared by statute.   *See, e.g.,* N.D.C.C. § 12.1–04–01;   N.D.C.C.   § 12–02–01 (1973); N.D.R.C. § 6814 (1895); Revised Code of the Territory of Dakota, Penal Code, ch. 2, § 16 (1877).   Under current statutes, while a child may be adjudicated a delinquent by the juvenile courts, a child between the ages of seven and fourteen cannot be punished as an adult for the commission of a crime.   N.D.C.C. § 12.1–04–01; N.D.C.C. ch. 27–20.

### III

[¶ 10]   The State was not required to present evidence to overcome the common law presumption of incapacity.   The juvenile court's order is affirmed.

[¶ 11] GERALD W. VANDE WALLE, C.J., and WILLIAM A. NEUMANN, MARY MUEHLEN MARING and CAROL RONNING KAPSNER, JJ., concur.