Filed 9/23/03 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2003 ND 151

In the Interest of Z.C.B., a Child

Brandi Sasse Russell, Petitioner and Appellee

v.

Z.C.B., Child; C.B., Mother;

J.B., Father, Respondents and Appellants

No. 20030046

Appeal from the Juvenile Court of Morton County, South Central Judicial District, the Honorable Burt L. Riskedahl, Judge.

AFFIRMED.

Opinion of the Court by VandeWalle, Chief Justice.

Brandi Sasse Russell, Assistant State’s Attorney, 514 East Thayer Avenue, Bismarck, ND 58501-4413, for petitioner and appellee.

Jonathan R. Byers, 705 4th Avenue N.E., Mandan, ND 58554, for respondents and appellants.

In the Interest of Z.C.B.

No. 20030046

VandeWalle, Chief Justice.

[¶1] Z.C.B., J.B., and C.B. appealed a juvenile court order finding Z.C.B. committed the unruly act of minor in possession or consumption of alcohol while driving.  We affirm.

I

[¶2] On October 31, 2002, Z.C.B., a minor, was driving with three friends when he was stopped by Mandan Patrol Sergeant Craig Johnson for a tinted windows violation.  Officer Johnson approached the vehicle and smelled alcohol through its open window.  He noticed all of the passengers were chewing gum and asked if any of them were twenty-one and if they had been drinking.  They all said “no,” but one passenger indicated “something was spilled on him.”

[¶3] Officer Johnson asked Z.C.B. to get out of the vehicle, walk to the sidewalk, and dispose of his gum.  Officer Johnson could still smell alcohol when Z.C.B. was outside the vehicle, but the odor was not as strong.  Officer Johnson told Z.C.B. about the odor and asked him to be honest and tell him if he had been drinking.  Z.C.B. stated he “had a sip.”  Z.C.B. was arrested and charged with being a minor in possession or consumption of alcohol while driving a motor vehicle in violation of N.D.C.C. §§ 5-01-08 and 39-06-01.1.  No alcoholic beverages were found in the vehicle or on any of the passengers.

[¶4] At the juvenile court hearing, Officer Johnson was the only witness.  The juvenile court found Z.C.B. committed the unruly act of minor in possession or consumption of alcohol while driving and placed him on formal probation.  A notice of the violation was also to be sent to the Department of Transportation for administrative cancellation of Z.C.B.’s driver’s license.  The order was stayed pending this appeal.

II

[¶5] Section 27-20-56 of the North Dakota Century Code controls an appeal from a juvenile court order.  
In the Interest of T.S.
, 519 N.W.2d 301, 301 (N.D. 1994).  “This court’s review of a juvenile court’s order is similar to a trial de novo.  We independently review the evidence, and our review is not limited to a determination of whether the juvenile court’s findings are clearly erroneous.”  
In the Interest of A.E.
, 1997 ND 9, ¶ 3, 559 N.W.2d 215 (citation omitted).  On appeal, we review "the files, records, and minutes or transcript of the evidence of the juvenile court, giving appreciable weight to the findings of the juvenile court."  N.D.C.C. § 27-20-56(1).  Appreciable weight is given to the findings of the juvenile court because it "had the opportunity to hear the testimony and observe the demeanor of the witnesses."  
In the Interest of M.C.H.
, 2001 ND 205, ¶ 4, 637 N.W.2d 678.

[¶6] Z.C.B. argues his statement to Officer Johnson should not have been admitted into evidence.  He claims he was detained and interrogated without being advised of his 
Miranda
 rights and should not have been questioned without a parent present.  

A.

[¶7] 
Miranda
 warnings must be given when a person is subjected to custodial interrogation.  
Stansbury v. California
, 511 U.S. 318, 322 (1994).  “[T]he person must be warned that he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of an attorney, either retained or appointed.”  
Miranda v. Arizona
, 384 U.S. 436, 444 (1966).  The test for custodial interrogation is “how a reasonable man in the suspect’s position would have understood his situation.”  
Berkemer v. McCarty
, 468 U.S. 420, 442 (1984); 
State v. Martin
, 543 N.W.2d 224, 227 (N.D. 1996).  The degree of restraint and compulsion must be determined by evaluating the entire situation.  
Martin
, at 227 (quoting 
State v. Berger
, 329 N.W.2d 374, 377 (N.D. 1983)).

[¶8] Routine traffic stops are generally not considered custodial situations.  
Pennsylvania v. Bruder
, 488 U.S. 9, 10 (1988); 
Berkemer
, 468 U.S. at 440.  In 
Berkemer
, the United States Supreme Court determined 
Miranda
 warnings are generally not necessary during ordinary traffic stops because traffic stops are temporary and in public view.  468 U.S. at 437-38; 
see also
 
State v. Pitman
, 427 N.W.2d 337, 342 (N.D. 1988) (holding a statement made by a driver outside the patrol car was admissible as a response to a “general on-the-scene question clearly permissible under 
Miranda
”).  In 
Martin
, this Court found a driver should reasonably expect to answer common sense investigatory questions after an automobile accident.  543 N.W.2d at 227-28.  Furthermore, a suspect is not subject to custodial interrogation merely because an officer asks a question that may establish an element of the crime charged.  
Id.
 at 228.  “Mere investigatory focus does not require the giving of the 
Miranda
 warnings.”  
State v. Fields
, 294 N.W.2d 404, 406 (N.D. 1980) (applying a custody test to determine when 
Miranda
 warnings must be given); 
accord
 
State v. Stewart
, 1999 ND 154, ¶ 8 n.4, 598 N.W.2d 773.  Likewise, an officer’s state of mind is not controlling, but one of many factors which, if made known to the person under interrogation, is used in determining whether a custodial interrogation has occurred.  
Martin
, at 228 (citing 
Stansbury
, 511 U.S. at 325). 

[¶9] In this case, Z.C.B. could reasonably expect to answer questions regarding alcohol consumption after being stopped while operating the vehicle.  When an officer detects an odor of alcohol emanating from a vehicle, having a driver exit the vehicle and asking whether he has been drinking constitutes a common sense investigation and does not amount to custodial interrogation for 
Miranda
 purposes.  
See
 
id.
; 
see also
 
Pennsylvania v. Mimms
, 434 U.S. 106, 110 n.6 (1977) (holding “that once a motor vehicle has been lawfully detained for a traffic violation, the police officers may order the driver to get out of the vehicle without violating the Fourth Amendment’s proscription of unreasonable searches and seizures”).  Furthermore, the mere fact the question regarded the consuming element of the offense of minor in consumption does not require a finding of custody.  
See
 
Martin
, 543 N.W.2d at 228. 

[¶10] Z.C.B. claims his statement to Officer Johnson should not have been admitted based on 
City of Fargo v. Wonder
, 2002 ND 142, 651 N.W.2d 665.  In 
Wonder
, officers entered an apartment while investigating a loud party and asked partygoers who were under twenty-one to raise their hands.  
Wonder
, at ¶ 3.  Wonder raised her hand and subsequently failed a breath test.  
Id.
 at ¶ 4.  The trial court suppressed the evidence that Wonder raised her hand because her 
Miranda
 rights were violated.  
Id.
 at ¶ 6.  The City conceded Wonder was in custody and contested whether an interrogation of the partygoers who were under twenty-one had occurred and, if so, whether the booking exception to 
Miranda
 applied.  
Id.
 at ¶¶ 10, 13.  This Court found an interrogation had occurred and because “the questioning did not arise in a ‘booking’ setting, was related to an element of the suspected crime, and was reasonably likely to elicit an incriminating response, the ‘booking exception’ [did] not apply.”  
Id.
 at ¶ 15.  However, 
Wonder
 is distinguishable and does not assist Z.C.B. because he was not in custody, and 
Miranda
 only applies to custodial interrogation. 

[¶11] Therefore, Officer Johnson was not required to advise Z.C.B. of his 
Miranda
 rights before asking him if he had been drinking because Z.C.B. was not in custody.

B.

[¶12] Z.C.B. contends he should not have been questioned without a parent present because minors are members of a special class that may require additional legal protection.

[¶13] A juvenile’s right to be represented by his parent or guardian often arises in situations involving a juvenile’s waiver of his right to counsel.  
E.g,
 
In re R.D.B.
, 1998 ND 15, ¶ 6, 575 N.W.2d 420.  A juvenile has a right to counsel at custodial stages of proceedings.  N.D.C.C. § 27-20-26(1).  A juvenile’s right to counsel may not be waived unless the child is “represented by his parent, guardian, or custodian.”  
In the Interest of D.S.
, 263 N.W.2d 114, 120 (N.D. 1978); 
In re R.D.B.
, at ¶ 12.  If an extrajudicial statement is obtained by violating this right, the statement cannot be used against a child in a criminal proceeding.  N.D.C.C. § 27-20-27(2).

[¶14] Here, Z.C.B.’s right to counsel under § 27-20-26 had not arisen when he was questioned by Officer Johnson because he was not in custody.  Although minors may require additional legal protection in some circumstances, 
e.g.
, 
Olson v. North Dakota Dep’t of Transp. Dir.
, 523 N.W.2d 258, 260 (N.D. 1994), the fact Z.C.B. was a minor does not give him the extra protection he seeks in this case.  The Uniform Juvenile Court Act delineates when a juvenile has a right to “additional representation protection,” and Z.C.B. was not in any of the stages of the proceeding enumerated by § 27-20-26 when Officer Johnson questioned him.  
See
 
Breding v. State
, 1998 ND 170, ¶ 10, 584 N.W.2d 493 (citing N.D.C.C. § 27-20-26(1)).

[¶15] Z.C.B. has not cited to, nor have we been able to find, any authority granting a juvenile a right to have a parent present during routine questioning at an ordinary traffic stop.  Furthermore, § 27-20-26 was revised in 1995 from granting juveniles a right to counsel at “all stages of any proceedings” to its current state, granting juveniles a right to counsel at “custodial, post-petition, and informal adjustment stages of proceedings.”  1995 N.D. Sess. Laws ch. 124, § 13.
(footnote: 1)  To grant Z.C.B. a right to counsel or to require Officer Johnson to contact one of his parents before asking any questions would effectively ignore the 1995 amendments by granting Z.C.B. additional representation protections that were removed from the statute.

[¶16] Additionally, Z.C.B. claims it would frustrate the legislature’s intent to involve parents in a child’s decision to take or refuse a chemical test if a confession has already been obtained.  He relies on 
Olson
 where this Court held, under N.D.C.C. § 39-20-01, “a minor taken into custody for drunk driving has a qualified statutory right to have his or her parent contacted, if reasonable under the circumstances, and read the implied consent advisory, prior to administration of a chemical test.”  523 N.W.2d at 259.  However, this right is limited because “[n]either the effort to reach a parent nor the successful contact of a parent may be used to ‘interfere with the administration of chemical testing.’”  
Id.
 at 260; 
see
 N.D.C.C. § 39-20-01.

[¶17] This case is distinguishable from 
Olson
.  This is not a situation in which Z.C.B. was in custody and is contesting parental notification concerning a chemical test.  By asking Z.C.B. common sense investigatory questions before contacting his parents, Officer Johnson did not frustrate the legislature’s intent.  The purpose of § 39-20-01 is to inform the parent or guardian why a minor is in custody and to allow the parent or guardian to be involved in the minor’s decision whether to consent to take a chemical test.  
Olson
, 523 N.W.2d at 260.  It was not enacted for the purpose of allowing parents to decide whether a chemical test could be given, 
see
 N.D.C.C. § 39-20-01, nor can its purpose be interpreted in a manner that would provide minors with a right to consult a parent or guardian before answering common sense investigatory questions by officers.

[¶18] We conclude Officer Johnson was not required to contact Z.C.B.’s parents before asking common sense investigatory questions.  Therefore, Z.C.B.’s statement to Officer Johnson was properly admitted by the juvenile court because he was not subject to custodial interrogation when it was made.

III

[¶19] Z.C.B. contends there was no credible evidence he possessed or consumed alcohol while driving.

[¶20] The State petitioned the juvenile court to determine whether Z.C.B. was an unruly child under N.D.C.C. § 27-20-02.  The statute provides an unruly child is one who “has committed an offense in violation of section . . . 5-01-08.”  N.D.C.C. § 27-20-02(18)(e).  Z.C.B. was charged with possessing or consuming alcohol while driving in violation of N.D.C.C. §§ 5-01-08 and 39-06-01.1.  Section 5-01-08, N.D.C.C., makes it a class B misdemeanor for anyone under twenty-one to possess, consume or recently consume, or be under the influence of an alcoholic beverage.  “The ‘manifest purpose and design’ of N.D.C.C. 5-01-08 is to dissuade minors from consuming alcohol.”  
In the Interest of K.S.
, 500 N.W.2d 603, 606 (N.D. 1993).  It is a strict liability crime.  
Id.

[¶21] In this case, Officer Johnson testified it was possible he smelled a non-alcoholic beverage.  However, he informed Z.C.B. he smelled alcohol and asked him if he had been drinking.  Z.C.B. responded he had a sip.  The trial court found both parties understood the conversation concerned alcohol, and Z.C.B.’s response indicated the sip was of alcohol.  Giving appreciable weight to the trial court’s finding, we find no evidence indicating the conversation concerned anything other than alcohol consumption.  When Officer Johnson informed Z.C.B. that he could smell alcohol, the ensuing question regarding drinking can only be construed to concern drinking alcohol.  Under the circumstances, Z.C.B.’s answer can only be interpreted to mean that he had a sip of alcohol.  Z.C.B.’s answer and the odor of alcohol were enough to establish he was a minor in consumption of alcohol because § 5-01-08 is a strict liability offense.

[¶22] Section 39-06-01.1, N.D.C.C., requires the director of the North Dakota Department of Transportation to cancel the license of any individual who has committed an alcohol-related offense while operating a motor vehicle if the offense was committed while the individual was a minor and the individual admitted to or was found to have committed the violation.  Z.C.B. contends the petition should have been dismissed because there was no evidence he consumed alcohol while he was actually driving.  According to Z.C.B., the petition was not broad enough to cover his conduct because it only alleged he consumed alcohol while driving, but did not allege he “recently consumed alcohol.”
(footnote: 2)  Specifically, the petition alleged Z.C.B. “committed the unruly act of Minor in Possession/Minor in Consumption, committed as follows:  said child possessed and/or consumed alcoholic beverages while driving a motor vehicle.”

[¶23] The petition in this case is similar to an information or a complaint in a criminal proceeding because it sets forth the charges against Z.C.B.  
See
 N.D.R.Crim.P. 3(a), 7(c).

In order to sufficiently charge an offense, a complaint must contain a plain, concise, and definite written statement of the essential elements of the offense.  In considering the sufficiency of a criminal pleading, technicalities have been abolished, and it is only necessary to plead an offense in its usually designated name in plain, ordinary language.  When the facts, act and circumstances are set forth with sufficient certainty, it is not a fatal defect that the information or the complaint gives an erroneous name to the charge.  Mere defects, inaccuracies, or omissions in a complaint do not affect the subsequent proceedings, unless as a result, no offense is charged.

City of Wahpeton v. Desjarlais
, 458 N.W.2d 330, 333 (N.D. 1990) (citations omitted).  In 
Desjarlais
, the trial court dismissed the driving under suspension complaint against Desjarlais because her license was revoked rather than suspended.  
Id.
 at 331.  This Court reversed, finding that Desjarlais was apprised of the charges against her because a clear reading of the ordinance she was charged under indicated “no material distinction between the charge of driving under suspension and driving with a revoked license.”  
Id.
 at 333.  The Court concluded she was “fairly informed . . . that she was being charged with essentially driving while her license had been removed.”  
Id.
 at 334.  

[¶24] This case is analogous.  Z.C.B. was charged with being a minor in possession or consumption of alcohol while driving in violation of N.D.C.C. §§ 5-01-08 and 39-06-01.1.  There is no material distinction between consuming while driving and having recently consumed while driving.  In either case, Z.C.B. is being charged with driving after having consumed alcohol.  The petition’s allegations against Z.C.B.  included § 5-01-08, which makes both consuming and recent consumption of alcohol by a minor a class B misdemeanor.  The petition pleads the “offense in its usually designated name in plain, ordinary language.”  
City of Minot v. Bjelland
, 452 N.W.2d 348, 350 (N.D. 1990).  It was sufficient to inform Z.C.B. of the charges against him and allow him to defend against them.  
See
 
State v. Treis
, 1999 ND 136, ¶ 18, 597 N.W.2d 664 (upholding a defendant’s conviction where even though the named offense was different in the amended complaint, “the underlying Century Code sections remained the same, and [the defendant] was on notice of the charge against him”).

[¶25] Z.C.B. violated § 5-01-08.  Section 39-06-01.1, N.D.C.C., requires the director to cancel a minor’s driver’s license if he has committed an alcohol-related offense while driving.  It was enacted to “enhanc[e] motivation for safe driving.”  
Hearing on H.B. 1291 Before House Transportation Comm.
, 56th N.D. Legis. Sess. (Jan. 29, 1999) (testimony of Representative John Mahoney) [“
Hearing on H.B. 1291
”].  There is nothing in the statute or its legislative history indicating it was specifically directed at the problem of minors drinking while they were driving, while ignoring minors who drink before driving.  The legislation was introduced by three legislators who served on a committee formed by the North Dakota Safety Council, whose executive director stated under the bill, “if [minors] violate any of the state’s alcohol laws . . . they are returned to the permit level.”  
Hearing on H.B. 1291
, 
supra
 (written testimony of Bob Graveline).

[¶26] Z.C.B. was in violation of § 5-01-08 when he was stopped by Officer Johnson.  It is irrelevant no proof was offered that he physically consumed the alcohol while he was driving because he was still violating the statute, and therefore committing an alcohol-related offense, while he was driving.  This is what § 39-06-01.1 requires.  To hold otherwise would frustrate the intent of § 39-06-01.1.

IV

[¶27] Z.C.B. contends the evidence does not prove he was guilty beyond a reasonable doubt.  Z.C.B.’s statement to Officer Johnson and the odor of alcohol were enough to establish beyond a reasonable doubt he violated § 5-01-08.  Because he was still committing an alcohol-related offense while he was driving, all the elements were proven beyond a reasonable doubt.

V

[¶28] We conclude Z.C.B. committed the unruly act of minor in consumption while driving and affirm the juvenile court’s order placing Z.C.B. under formal probation.

[¶29] Gerald W. VandeWalle, C.J.

Carol Ronning Kapsner

Mary Muehlen Maring

William A. Neumann

Dale V. Sandstrom

FOOTNOTES
1:
Under the previous language of § 27-20-26(1):

The "stages of any proceedings" under N.D.C.C. 27-20-26 [were] not limited to those instances which take place in the courtroom, but include[d] circumstances such as interrogation, where the officer has focused his investigation on a particular suspect and [was] intent on gathering evidence.  
In Interest of B.S.
, 496 N.W.2d 31, 32 (N.D. 1993).  If a minor [was] not represented by a parent, guardian, or custodian during interrogation when the investigation ha[d] focused upon him, he ha[d] a right to have an attorney present and that right [could not] be waived.  
Id.
 at 32-33.

Breding
, at ¶ 10; 
see also
 
State v. Ellvanger
, 453 N.W.2d 810, 813 (N.D. 1990).

2:
The legislative history of § 5-01-08 indicates the language “having recently consumed” was added to the statute in 1999 to allow police officers to arrest minors for consuming alcohol without actually observing the consumption.  
Hearing on H.B. 1295 Before Senate Judiciary Comm.
, 56th N.D. Legis. Sess. (Mar. 1, 1999) (oral testimony of Senator John T. Traynor) [“
Hearing on H.B. 1295
”].  Senator John T. Traynor introduced the amendment in response to an attorney general’s letter opinion regarding consumption of alcohol by minors in Devils Lake.  
Hearing on H.B. 1295
, 
supra
.

At the time, § 5-01-08 created an offense for minors consuming alcohol other than during a religious service.  N.D. Letter Op. Atty. Gen., March 9, 1998.  According to the letter opinion, “consuming” indicated active conduct.  
Id.
  The letter opinion stated it was erroneous to believe a minor committed an offense under § 5-01-08 if the minor ingested alcohol, but did not otherwise possess or consume it, when approached by an officer.  
Id.
  The law only applied to actual consumption, not consumption at some prior time.  
Id.
  “[D]iscovery by an officer that a person under the age of 21 years has been drinking an alcoholic beverage may not be sufficient, by itself, to establish a violation of the ‘consumption law.’”  
Id.